UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| THOMAS OLIVER,<br>    Plaintiff,<br><br>        v.<br><br>JOSEPH L. MICHAUD, et al.,<br>    Defendants. | No. 1:22-cv-354-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

Thomas Oliver, proceeding *pro se*, has filed a 16-count Complaint suing 12 Rhode Island and Massachusetts defendants for various alleged wrongs growing out of what he contends was an unlawful wresting of an $11,271.53 judgment away from him and the tortious deprivation of rental income from a condominium that he once owned. The Complaint includes various state claims, including, but not limited to, conversion, abuse of process, and intentional or negligent infliction of emotional distress; it asserts federal jurisdiction through a 42 U.S.C. § 1983 claim alleging a violation of due process, as well as a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

The case is now before the Court on two motions filed by Mr. Oliver: a Motion to Proceed *In Forma Pauperis*, (ECF No. 2) and a Motion to Proceed as an Electronic Filer (ECF No. 3). The Court has conducted its mandatory review pursuant to 28

1

U.S.C. § 1915(e)(2)(B)(ii), without which it cannot grant *in forma pauperis* status. Pursuant to that review, and applying the standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Court has determined that the Complaint, even taking its allegations as true, does not state a plausible claim for relief and should be dismissed. Dismissal of the Complaint renders electronic filing status moot.[1]

The Complaint suffers from a number of deficiencies. So that the plaintiff understands why the Court is denying him the ability to proceed, a few of those reasons are explained herein.[2] The primary defect in the Complaint is that the plaintiff claims damages relating to the loss of rental receipts from a property that he acknowledges he gave away. At several points in the complaint, the plaintiff asserts that he holds no legal rights to the property and that Norma Oliver, to whom he gave the property, is the exclusive owner with all legal rights. *E.g.*, ECF No. 1, at 3, 5, 9, 13-14, 16). There is no allegation that Norma Oliver and the plaintiff entered into any contract that bestowed any of her ownership rights upon him. Nowhere in the Complaint is there a basis for believing that the plaintiff was entitled, therefore, to the rents that he contends were fraudulently withheld. This issue impacts almost

---

[1] The Court previously granted both motions in error, on January 25, 2023. On the following day, those actions were vacated, leaving the two motions pending.

[2] There are seemingly insurmountable affirmative defenses evident from the Complaint as well, not the least of which is the absolute immunity of one of the defendants, a state court judge.

2

all the counts in the Complaint and undercuts the plaintiff's claim that his damages exceed the $75,000 diversity jurisdiction threshold.[3]

A second major problem is that both possible bases for this Court's jurisdiction, whether federal question, 28 U.S.C. § 1331, or diversity, 28 U.S.C. § 1332, are wanting. Concerning the asserted federal question jurisdiction:

a) there is no constitutional right to a virtual hearing and, therefore, the plaintiff's claim of denial of federal due process — because he as a *pro se* litigant was apparently required to attend court in person while represented persons could have virtual hearings — does not state a constitutional claim;

b) 42 U.S.C. § 1983 is not the basis of an independent constitutional right; it is, instead, a jurisdictional statute allowing a federal court lawsuit where there is otherwise demonstrated a violation of a constitutional right by a state actor;

c) While federal courts have jurisdiction over alleged RICO violations, Mr. Thomas' allegation that the Washington County Superior Court constituted a racketeering "enterprise" fails. Assuming that a branch of state government can be a RICO "enterprise," at a minimum the elements of a RICO claim against a municipality would apply. Such a claim must include plausible factual allegations that the persons in control of the governmental

---

[3] Mr. Oliver reaches the sum of $3 Million-plus by calculation of compounded lost rental, adding other compensatory damages, and applying a triple multiplier to the resulting amount, then adding punitive damages. (ECF No. 1, at 37.)

>
> entity shared the forbidden purposes of the enterprise. *United States v. Cianci*, 378 F.3d 71, 85 (1st Cir. 2004) (RICO claim against City of Providence); *see, Donahue v. Federal Bureau of Identification,* 204 F. Supp. 2d 169, 173 (D. Mass. 2011) (FBI not a person within meaning of RICO); *rev'd on other gnds, sub nom Donahue v. United States,* 634 F.3d 615 (1st Cir.). There are no factual allegations in the complaint that those in charge of the Washington County Superior Court shared with other enterprise members a forbidden purpose or committed any racketeering activity.
>
> d) Without a basis for federal jurisdiction, this Court cannot hear the appended state-law claims.

Concerning diversity jurisdiction, the plaintiff describes himself as "a U.S. citizen residing and domiciled in the United States of America but not in Rhode Island or Massachusetts." (ECF No. 1, at 2.) The plaintiff's caginess about where he lives comes at a price. It is not enough to allege citizenship of the United States "not in Rhode Island or Massachusetts." Were the plaintiff domiciled abroad and a citizen of no state, there would not be diversity jurisdiction. *Dadzie on Behalf of Intern. Kal-Sahara Corp. v. Leslie,* 550 F. Supp. 77, 79 (E.D. Pa. 1982); *accord, Rivero-Parra v. Lindsay Corp.,* 397 F. Supp. 3d 206, 206-07 (D.P.R. 2019) ("[p]laintiff must demonstrate that he is a citizen of one of the fifty states or of Puerto Rico, the District of Columbia, or another territory."); *cf., Cormier v. Securitas Sec. Services, USA, Inc.,* 578 F. Supp. 3d 264, 266 (D.N.H. 2022) (statement in Complaint alleging diversity

jurisdiction that plaintiffs were not residents of New Hampshire where defendants resided was not sufficient because a plaintiff must plead jurisdiction affirmatively).

For these and other reasons, the plaintiff's Complaint does not state a plausible claim and he is therefore not entitled to *in forma pauperis* status. That same reason requires the Court to dismiss the case. Therefore, the Motion to Proceed *In Forma Pauperis* (ECF No. 2) is DENIED, the Motion for Electronic Filing Status is DENIED as moot (ECF No. 3), and the Complaint is DISMISSED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date: February 7, 2023